**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ERUS HOLDINGS LLC, | Case No.  23-11833-CTG |
| Debtor. | |
| In re: | Chapter 7 |
| ERUS BUILDERS, LLC, | Case No. 23-11834-CTG |
| Debtor. | |
| In re: | Chapter 7 |
| NATIONAL CLEAN ENERGY, LLC, | Case No. 23-11835-CTG |
| Debtor. | **Hearing Date: December 29, 2023 at 10:00 am (ET)**<br>**Objection Deadline: December 20, 2023 at 4:00 pm (ET)** |

**MOTION TO AUTHORIZE JOINT ADMINISTRATION OF CASES**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(b)**

George L. Miller, as Chapter 7 Trustee (the "Trustee") for the estates of Erus Holdings, LLC, Erus Builders, LLC, and National Clean Energy, LLC, (collectively, the "Debtors") , by and through undersigned counsel, hereby moves this Court pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the District of Delaware (the "Local Rules") for entry of an order, the proposed form of which is attached hereto, authorizing the joint administration of the Debtors' Chapter 7 cases for procedural purposes only (the "Motion").  In support of this Motion, the Trustee relies on the *Declaration of the Chapter 7 Trustee* (the "Declaration").  In further support of this Motion, the Trustee submit as follows:

## Jurisdiction, Venue and Predicates for Relief

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

2.      The predicates for the relief requested herein are Bankruptcy Rule 1015(b), Local Rule 1015-1 and section 105 of Title 11 of the United States Code (the "Bankruptcy Code").

## Background

3.      On November 8, 2023 (the "Petition Date"), Erus Holdings, LLC, Erus Builders, LLC and National Clean Energy, LLC, filed separate voluntary petitions for relief under Chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), commencing the above-captioned Chapter 7 cases (the "Cases").

4.      George L. Miller, Esq., has been appointed as the Chapter 7 Trustee in the Cases.

## Relief Requested

5.      The Trustee hereby requests that this Court enter an order, substantially in the form submitted herewith, authorizing the joint administration of the Debtors' Chapter 7 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## Basis For Relief

6.      Bankruptcy Rule 1015(b) states that: "[i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates" of such debtor and affiliates.  See Fed. R. Bankr. P. 1015(b)(4).

7.      Further, Local Rule 1015-1 provides:

[a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which

establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015.1.

8.     A significant majority of the Debtors' assets and creditors fall under the Erus Builders LLC, case. The Debtors are affiliates as defined by 11 U.S.C. § 101(2).  Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and section 105 of the Bankruptcy Code.

9.     Further, joint administration of the Debtors' estates will be less costly and burdensome than the separate administration of each estate.  For example, joint administration will permit the use of a single, general docket for the Debtors' cases and combined notices to creditors and other parties in interest of the Debtors' respective estates.  The Trustee anticipates in these cases numerous filings and additional matters, including notices, applications, motions, orders, hearings and other proceedings that will affect several, if not all, of the Debtors.  With three Debtors, each with its own case docket, the failure to jointly administer these cases would result in numerous duplicative filings for each issue, which would then be served upon separate service lists.  Joint administration will protect parties in interest by ensuring that parties affected by each of the Debtors' respective Chapter 7 cases will be apprised of the various matters before the Court in those cases.

10.     Joint administration of the Debtors' estates also will avoid repetitive, duplicative and potentially confusing filings by permitting counsel for all parties in interest to (i) use a single caption on the numerous documents that will be filed and served in the Debtors' cases, and (ii) file many documents in only one of the Debtors' cases rather than in multiple cases; provided, however, that all schedules of assets and liabilities, statements of financial affairs, and proofs of

3

claims will be captioned and filed in each of the Debtors' respective, separate cases, as appropriate. Supervision of the administrative aspects of the Chapter 7 cases by the Office of the U.S. Trustee (the "U.S. Trustee") and the Court will likewise be simplified by joint administration.   As such, joint administration will promote the economical and efficient administration of the Debtors' estates to the benefit of the Trustee, the Debtors, creditors, the U.S. Trustee, and the Court.

11.    The rights of the respective creditors of each of the Debtors will not be prejudiced by joint administration of these cases.  The relief requested in this Motion is purely procedural and will in no way affect any party's substantive rights.

12.    The Trustee proposes that the Court establish the following official caption to be used by all parties in all pleadings in the Debtors' jointly administered cases, except as otherwise specifically provided herein:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 7 |
| ERUS BUILDERS, LLC, *et al.*, | Case No.: 23-11834-CTG |
| Debtors. | (Jointly Administered) |

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtors' federal tax identification numbers are: Erus Holdings, LLC (6265); Erus Builders, LLC (0306); and National Clean Energy, LLC (8399)

13.    The Trustee submits that all parties' use of the simplified caption designated above, without reference to the Debtors' respective states of incorporation and tax incorporation matters, will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

4

14.     In addition, the Trustee requests that the Court direct the Clerk to make an entry

on the docket of each case (except that of lead Debtor, Erus Builders, LLC), substantially as

follows:

> An order has been entered in this case consolidating this case with the case of Erus
> Builders, LLC, Case No. 23-11834-CTG for procedural purposes only and
> providing for its joint administration in accordance with the terms thereof.  The
> docket in Case No. 23-11834-CTG shall be consulted for all matters affecting this
> case.

15.     An order of joint administration relates to the routine administration of a case and

may be entered by the Court in its sole discretion on an *ex parte* basis.  See Del. Bankr. L.R.

1015-1.  The relief requested herein is commonly granted by numerous courts, including this

Court.  See, e.g., In re A123 Sys. Inc., Case No. 12-12859 (KJC) (Bankr. D. Del. Oct. 18, 2012);

In re Ritz Camera & Image, LLC, Case No. 12-11868 (KG) (Bankr. D. Del. June 25, 2012); In re

NSA (USA) Liquidating Corp., Case No. 12-11817 (MFW) (Bankr. D. Del. June 15, 2012); In re

WP Steel Venture LLC, Case No. 12-11661 (KJC) (Bankr. D. Del. June 1, 2012); In re Capitol

Infrastructure, LLC, Case No. 12-11362 (KG) (Bankr. D. Del. Apr. 30, 2012); In re Freedom

Commc'ns Holdings, Inc., Case No. 09-13046 (BLS) (Bankr. D. Del. Sept. 2, 2009); In re

Sportsman's Warehouse, Inc., Case No. 09-10990 (CSS) (Bankr. D. Del. Mar. 23, 2009).

16.     For these reasons, the Trustee submits that the relief requested is in the best interest

of the Trustee, the Debtors, their estates, creditors, and other parties in interest and should be

granted.

### Notice

17.     Notice of this Motion has been provided to: (i) the Office of the United States

Trustee for the District of Delaware; (ii) counsel to the Debtors; and (iii) all parties who have

filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.

The Trustee submits that no other or further notice need be provided.

**No Prior Request**

18.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court (a) enter an order substantially in the form annexed hereto, granting the relief requested herein, and (b) grant to the Trustee such other and further relief as the Court may deem proper.

Dated: December 6, 2023                    **GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Ronald S. Gellert*
Ronald S. Gellert (No. 4259)
1201 N. Orange St., Ste. 300
Wilmington, DE  19801
Tel: (302) 425-5800
Fax: (302) 425-5814
Email:  rgellert@gsbblaw.com

*Proposed Counsel to the Chapter 7 Trustee*