## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 7 |
| ERUS BUILDERS, LLC, *et al.*,[1] | Case No.: 23-11834-CTG<br>(Jointly Administered) |
| Debtors. | **Hearing Date: February 2, 2024 at 3:00 p.m.**<br>**Objection Deadline: January 26, 2024 at 4:00 p.m.** |

## MOTION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 AND SECTION 363(C)(2) OF THE BANKRUPTCY CODE APPROVING THE TRUSTEE'S SHARING AGREEMENT WITH PNC BANK, N.A. AND APPROVING THE USE OF CASH COLLATERAL

George L. Miller, as Chapter 7 Trustee (the "Trustee") of the bankruptcy estates of the above-captioned debtors (the "Debtors"), by and through undersigned counsel, hereby moves this Court for entry of an Order approving the sharing agreement (the "Sharing Agreement") between the Trustee and PNC Bank, N.A. ("PNC") pursuant to Fed. R. Bankr. P. 9019 and the Trustee's use of cash collateral pursuant to section 363(c)(2) of the Bankruptcy Code (the "Motion"), and in support thereof, the Trustee states as follows:

### JURISDICTION

1.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013–1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtors' federal tax identification numbers are: Erus Holdings, LLC (6265); Erus Builders, LLC (0306); and National Clean Energy, LLC (8399)

determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

1.     On November 8, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions under Chapter 7 of the Bankruptcy Code.

2.     On November 9, 2023, George L. Miller was appointed the Chapter 7 Trustee of the estate of each of the Debtors.

3.     Pursuant to Section 341(a) of the Bankruptcy Code, a meeting of creditors was held and concluded on December 8, 2023.

4.     As more fully described in the Sharing Agreement, Debtors and PNC are parties to certain credit agreements (collectively, the "Erus Loan Facility"), under which PNC asserts a properly perfected security interest in and liens on all business assets of Erus Builders, LLC ("Erus Builders") of every kind, nature, and description whatsoever, whether now owned by or owing to, or hereafter acquired by or arising in favor of the Erus Builders (the "Collateral").[2]

5.     The Trustee requires the ability to use cash and other proceeds of Collateral to administer, recover, preserve, market, and sell the Collateral pursuant to sales to be conducted under Section 363 of the Bankruptcy Code or other methods of liquidating Collateral (*e.g.*, sale of equipment, inventory, and vehicles) (collectively, the "Asset Sales").

6.     PNC is willing, subject to the terms of the Sharing Agreement, to consent to the Trustee's use of cash collateral and proceeds of Collateral to administer, recover, preserve, market, and sell Collateral, and to the Trustee's conduct of Asset Sales.  Pursuant to the Sharing

---

[2] Although the Trustee has contested PNC's perfection of its security interest in the Debtors' vehicles, the Sharing Agreement will resolve that dispute.

Agreement, PNC has agreed to carve out from the proceeds of the Asset Sales certain amounts, including amounts to pay compensation for the Trustee and his professionals, amounts for payment of reasonable costs and expenses necessary to administer, recover, preserve, market, sell, or otherwise dispose of property of the Debtors' estates, and amounts to be retained by the Debtors' estates for distribution by the Trustee in accordance with section 726 of the Bankruptcy Code.

## **RELIEF REQUESTED**

7.      By this Motion, the Trustee seeks approval of the Sharing Agreement attached hereto and incorporated herein by reference as **Exhibit A**.

8.      Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor . . . and to any other entity as the court may direct. Fed. R. Bankr. P. 9019(a); *see also Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id*. at 395.

9.      In determining whether a compromise or settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Id*. at 393.  In striking this balance, the Court should consider "(i) the probability of success in the litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors." *Id*.  Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to

the sound discretion of the bankruptcy Court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

10.    Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge…is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

11.    A review of these factors demonstrates that the Sharing Agreement should be approved, and the Trustee's use of cash collateral should also be approved given that PNC has consented to such use consistent with section 363(c)(2)(A) of the Bankruptcy Code. Without the use of cash collateral and use of the proceeds from the Asset Sales, the Trustee's ability to administer the Debtors' estates will be severely diminished.

12.    The Trustee respectfully submits that the compromise reached with PNC is fair, reasonable, and is in the best interest of the Debtors' estates and creditors, as well as the efficient administration of this case. The Trustee likewise believes that the compromise reflected in the Sharing Agreement is founded on the exercise of sound business judgment by the Trustee.

## NOTICE

13.     The Trustee has provided notice of this Motion to the United States Trustee and all parties who have filed a notice of appearance in this case.  The Trustee submits that no other or further notice is necessary or required.

14.     No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Trustee respectfully requests that this Court enter the attached proposed form of order granting the Trustee's motion approving the Sharing Agreement between the Trustee and PNC, authorizing the Trustee to use cash collateral, and granting such other and further relief as the Court deems just and equitable.

Dated: January 12, 2024

**GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Ronald S. Gellert*
Ronald S. Gellert (No. 4259)
1201 N. Orange St., Ste. 300
Wilmington, DE  19801
Tel: (302) 425-5800
Fax: (302) 425-5814
Email:  rgellert@gsbblaw.com

*Counsel to the Chapter 7 Trustee*

5