**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>ERUS BUILDERS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No.: 23-11834-CTG<br>(Jointly Administered)<br><br>Hearing Date:   February 2, 2024 at 3:00 p.m.<br>Objection Deadline: January 26, 2024 at 4:00 p.m. |

**APPLICATION OF THE CHAPTER 7 TRUSTEE PURSUANT TO 11 U.S.C. §§ 327 AND 328 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, FOR AUTHORITY TO EMPLOY AND RETAIN CUNNINGHAM & ASSOCIATES, INC., AS ASSET BROKER AND AUCTIONEER TO THE BANKRUPTCY ESTATES**

George L. Miller, as Chapter 7 Trustee (the "Trustee") of the bankruptcy estates of the above-captioned debtors (the "Debtors"), by and through undersigned counsel, hereby applies (the "Application"), pursuant to Sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authority to employ and retain Cunningham & Associates, Inc. ("Cunningham" or "Auctioneer") as asset broker and auctioneer to the Debtors' estates, and in support hereof, respectfully represents as follows:

**JURISDICTION**

1.    1.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012.   Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2.    The relief sought by this Application is based upon sections 327, 328, and 1107 of the Bankruptcy Code and has been filed in accordance with Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtors' federal tax identification numbers are: Erus Holdings, LLC (6265); Erus Builders, LLC (0306); and National Clean Energy, LLC (8399)

**BACKGROUND**

3. On November 8, 2023 (the "Petition Date"), the Debtors each filed voluntary petitions under Chapter 7 of the Bankruptcy Code.

4. On November 9, 2023, George L. Miller was appointed the Chapter 7 Trustee of the estate of each of the Debtors.

5. Pursuant to Section 341(a) of the Bankruptcy Code, a meeting of creditors was held and concluded on December 8, 2023.

**RELIEF REQUESTED**

**The Trustee's Need for an Asset Broker and Auctioneer Services**

6. Debtors own assets, including but not limited to equipment, inventory and vehicles, as identified in the Debtors' Schedules.

7. The Trustee wishes to market and sell the Property for the benefit of Debtors' estates and creditors.

8. By this Application, the Trustee seeks to employ Cunningham as its asset broker and auctioneer to assist with the marketing and sale of the Property, pursuant to the terms of the Letter Agreement attached hereto as **Exhibit A** (the "Agreement").

9. The Trustee seeks to employ Cunningham as asset broker and auctioneer because of Cunningham's considerable experience in matters of similar transactions, and the Trustee believes that Cunningham is well qualified to perform the services required. In particular, Cunningham has substantial experience with sales of inventory and equipment in the solar industry.

10. The professional services that Auctioneer will provide to the Trustee will include marketing and disposition services related to the Property, including the following:

    (a) work with the Trustee to create and implement a strategy for the sale of the Property, including preparation of appropriate and customary marketing materials;

(b) present all bona fide offers to Trustee and assist the Trustee in developing and negotiating counteroffers until a sale agreement is signed and all contingencies are satisfied or waived.

**Standards for Approving Employment and Retention of Professionals**

11. Section 327(a) of the Bankruptcy Code empowers the Trustee, with the Court's approval, to employ attorneys, accountants, appraisers, auctioneers, or other professional persons "that do not hold or represent an interest adverse to the estate." 11 U.S.C. § 327(a). Section 327(c) provides that "a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c). Cunningham satisfies all of these standards, as set forth below.

**Connections with Parties in Interest**

12. Cunningham has not previously provided asset brokerage or auctioneer services to the Debtors in relation to the Property and has no other connection to the Debtors. To the best of the Trustee's knowledge neither George Cunningham nor Cunningham have any connections with creditors of the estate, equity security holders, or any other parties in interest or its respective attorneys or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee in any matter relating to the Debtor or the estate.

**No Adverse Interest and Disinterested Person**

13. To the best of the Trustee's knowledge Cunningham (a) does not hold or represent any interest adverse to the Debtors or the estates and (b) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code.

**Professional Compensation**

14. Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person on any reasonable terms and conditions of employment, including on an hourly basis. Subject to Court approval for the underlying sale of the Property, Cunningham will be compensated as set forth in the Agreement. The Trustee submits that this compensation is a reasonable term and condition of employment for an auctioneer experienced in the assets which constitute the Property.

15. To the best of the Trustee's knowledge, Cunningham has received no compensation related to the Debtors or this case either before or after the Trustee retained Cunningham.

16. Other than as set forth herein and in the Agreement, there is no proposed arrangement to compensate Cunningham. Cunningham has not shared, nor agreed to share (a) any compensation it has received or may receive under the Agreement with any other party or person, other than with the members, partners, counsel, and associates of Cunningham, or (b) any commission, fee, or any other remuneration from any other party for services rendered under the Agreement.

**Best Interests of the Estates**

17. As set forth above, AUCTIONEER satisfies all the requirements for employment as an asset broker and auctioneer for the Trustee under sections 327(a) and 327(c) of the Bankruptcy Code and Bankruptcy Rule 2014.

18. The Trustee asserts that the employment of Cunningham as described herein is in the best interests of the Debtors' estates and is appropriate under 11 U.S.C. §§ 327 and 328.

**NOTICE**

19. Notice of this Application has been given to the Office of the United States Trustee and all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that no further notice is required.

20. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Trustee respectfully requests this Court's approval of the appointment of Cunningham as asset broker and auctioneer for the Trustee to list and market the Property for sale, and requests that the Court grant such other and further relief as it deems just and proper.

Dated: January 12, 2024    **GELLERT SCALI BUSENKELL & BROWN, LLC**

*/s/ Ronald S. Gellert*
Ronald S. Gellert (No. 4259)
1201 N. Orange St., Ste. 300
Wilmington, DE  19801
Tel: (302) 425-5800
Fax: (302) 425-5814
Email:   rgellert@gsbblaw.com

*Counsel to the Chapter 7 Trustee*